# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTIAN MILAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:23-CV-320-JEM |
| | ) | |
| LEANN SHEPARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Christian Milam, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who was housed at the Morgan County Correctional Complex ("MCCX") at all relevant times, is proceeding pro se in this civil rights action under 42 U.S.C. § 1983 on a claim that Defendant LeAnn Shepard[1] denied him constitutionally adequate medical care by failing to timely treat his herpes outbreak [*See generally* Doc. 5]. Before the Court is "Defendant LeAnn Sheppard's Rule 56.02 Motion for Summary Judgment"[2] [Doc. 20], which is accompanied by a supporting Memorandum [Doc. 20-1], exhibits [Docs. 20-2, 20-3], Defendant's Affidavit [Doc. 20-4], and Defendant's "Statement of Undisputed Material Facts" [Doc. 20-5]. Plaintiff failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. Upon consideration of the Parties' pleadings, the

---

[1]     In her motion, Defendant spells her last name "Sheppard" [Doc. 20]. To maintain consistency with its prior Orders, the Court retains Plaintiff's spelling of Defendant's last name.

[2]     The Federal Rules of Civil Procedure govern Defendant's motion, and these Rules do not contain a Rule 56.02. *But* s*ee* Tenn. R. Civil P. 56.02 (providing party against whom relief is sought may move for summary judgment at any time).

evidence presented, and the applicable law, the Court finds Defendant's motion [Doc. 20] should be **GRANTED** and this action **DISMISSED**.

## I.        SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002) (citation omitted).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991). Rather, to establish a genuine issue as to the existence of a particular element, the non-moving party must point to "significant probative evidence" in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* at 248.

## II. UNDISPUTED FACTS[3]

Plaintiff filed two sick calls related to his herpes outbreak in August 2023 [Doc. 20-5 ¶ 3; Doc. 24, SEALED[4] pp. 2, 3]. Plaintiff's first request for medical attention related to his herpes outbreak was signed on August 8, 2023, and received by MCCX's medical unit on August 9, 2023 [Doc. 20-5 ¶ 4; Doc. 24, SEALED p. 3]. Pursuant to TDOC policy, sick calls are first treated by nurses who diagnose the prisoner's condition and determine whether a doctor's appointment should be scheduled [Doc. 20-5 ¶ 6; Doc. 20-4 ¶ 6]. Plaintiff was seen by a nurse and diagnosed with a herpes outbreak on August 10, 2023 [Doc. 20-5 ¶ 7; Doc. 24, SEALED pp. 4, 11]. It was noted at that appointment that Plaintiff's herpes outbreak occurred a few days prior to the appointment [Doc. 20-5 ¶ 5; Doc. 24, SEALED p. 4]. MCCX medical staff immediately scheduled Plaintiff to see Defendant for further treatment following his August 10, 2023, appointment [Doc. 20-5 ¶ 8; Doc. 20-4 ¶ 7; Doc. 24, SEALED p. 11]. An appointment was set for Plaintiff to see Defendant on August 23, 2024 [Doc. 20-5 ¶ 9; Doc. 20-4 ¶ 7]. This appointment was already

---

[3]     Plaintiff did not respond to Defendant's motion. "When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of the instant motion of summary judgment." *Simpson v. Bredesen*, No. 1:10-CV-02950-JPM, 2015 WL 5655999, at *4 (W.D. Tenn. Sept. 24, 2015); *see also Jones v. City of Franklin*, 677 F. App'x 279, 285 (6th Cir. 2017) (admitting statements in the defendant's statement of undisputed material facts because the plaintiff failed to provide a response); Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of facts . . . the court may . . . consider the fact undisputed for purposes of the motion[.]").

[4]     The Court granted Defendant's motion to seal Plaintiff's medical records [Doc. 24], finding "there is no public interest to be served by keeping these confidential records open to the public, but Plaintiff's privacy rights would be harmed if they are not sealed" [Doc. 25 p. 1–2]. Therefore, the Court's discussion of the contents of the sealed medical records is limited to those facts relevant to resolving the allegations Plaintiff levied in his publicly-filed Complaint.

3

scheduled when Plaintiff filed a sick call request on August 18, 2023[5] [Doc. 20-5 ¶11; Doc. 20-4 ¶ 8; Doc. 24, SEALED p. 2].

Defendant saw Plaintiff at his scheduled appointment on August 24, 2023, and she prescribed Plaintiff Acyclovir, "the standard medical treatment for the herpes infection[,]" on the same date [Doc. 20-5 ¶ 10; Doc. 20-4 ¶¶ 9–13; Doc. 24, SEALED p. 8].

TDOC has adopted a three-level inmate grievance procedure, which is set forth in TDOC policy 501.01 [Doc. 20-5 ¶ 1; Doc. 20-2]. Plaintiff's TDOC file does not contain a grievance related to Plaintiff's requests for herpes treatment [Doc. 20-5 ¶ 2; Doc. 20-3].

## III.    LAW AND ANALYSIS

Defendant contends that she is entitled to judgment as a matter of law because (1) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing suit, and (2) Defendant's medical care and treatment of Plaintiff was not deliberately indifferent to a serious medical need of Plaintiff as necessary to sustain Plaintiff's claim for relief against her [*See* Doc. 20-1]. Although Plaintiff did not respond to Defendant's motion, he filed his Complaint under penalty of perjury [Doc. 1 p. 5]. Therefore, the Court treats his verified Complaint as an opposing affidavit. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (recognizing that a "verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment" (citations omitted)).

---

[5]    In her Affidavit, Defendant avers this sick call request occurred on August 16, 2023 [Doc. 20-4 ¶ 8]. But this appears to be a typographical error based on the sick call request, which is attached as an exhibit [Doc. 24, SEALED p. 2], and Defendant's Statement of Undisputed Material Facts [Doc. 20-5].

## A. Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirements of exhaustion are not set out in the PLRA itself. Rather, to satisfy the exhaustion requirement, an inmate must properly complete the grievance procedures put forward by his correctional institution, including any procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("It is the prison's requirements . . . that define the boundaries of proper exhaustion."). Exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile[.]'" *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011) (citations omitted and first alteration in original).

A plaintiff's failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Id.* at 455–56 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, when non-exhaustion is raised as a defense, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any

5

material fact' regarding non-exhaustion." *Id.* at 456 (citing *Risher v. Lappin*, 649 F.3d 236, 240 (6th Cir. 2011)).

In his Complaint, Plaintiff alleges that he "filed grievance on lack of medical care" that was denied [Doc. 1 p. 2]. He further states that he appealed the denial on August 16, 2023, but was told he could not "file on medical" [*Id.*]. But Plaintiff's TDOC file does not contain any grievance regarding the alleged denial of medical treatment [Doc. 20-5 ¶ 2; *see generally* Doc. 20-3]. And Plaintiff's "conclusory allegation[] . . . and unsubstantiated assertion[]" that he filed a grievance and an appeal on this matter is "not sufficient to defeat [Defendant's] well-supported motion for summary judgment." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017); *see also Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) (finding that for evidentiary purposes, a plaintiff's verified complaint, which contained "nothing but mere conclusory allegations" could not survive a motion for summary judgment" in favor of the defendants); *Meeks v. Schofield*, 10 F. Supp. 3d 774, 784 (M.D. Tenn. 2014) ("Accordingly, speculative and conclusory allegations, even if made within a verified complaint, are insufficient to withstand a motion for summary judgment." (citations omitted)). But even if the Court were to credit Plaintiff's claim that he filed a grievance and went through one level of the TDOC appeal process, Plaintiff admits that he did not complete the TDOC's three-level grievance process [*See* Doc. 1 p. 4; Doc. 20-5 ¶ 1]. Therefore, there is no genuine dispute that Plaintiff failed to exhaust his available administrative remedies by completing the TDOC grievance process, and Defendant is entitled to summary judgment.

**B.     Merits**

But even if he had exhausted the TDOC appeal process, the Court finds that the undisputed material facts demonstrate that Defendant did not violate Plaintiff's right to constitutionally adequate medical care, and that Plaintiff has not come forward with evidence demonstrating a jury

6

could reasonably find in his favor. *See Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (noting a "mere existence of a scintilla of evidence" in support of non-moving party's position will not defeat a motion for summary judgment; there must be evidence from which a jury could find for the non-movant (citing *Anderson*, 477 U.S. at 252)). The Eighth Amendment's prohibition against "cruel and unusual punishments[,]" U.S. Const. amend VIII, protects a prisoner from actions that evince a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, a viable Eighth Amendment claim for the denial of adequate medical treatment requires proof of two components: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court presumes Plaintiff has established the objective component of his Eighth Amendment claim. *See, e.g., Mitchell v. Luttree*, No. 06-2442-JPM-DVK, 2008 WL 2485596, at *5 (W.D. Tenn. June 17, 2008) (presuming genital herpes is a serious medical condition based upon the defendants' concession, finding that presumption "appears to be correct"). Accordingly, the issue of Defendant's liability turns on whether she responded with deliberate indifference to Plaintiff's serious medical needs.

"Deliberate indifference requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (citing *Estelle*, 429 U.S. at 106); *see also Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice are not . . . tantamount to deliberate indifference"). "It requires something akin to criminal recklessness: The defendant must 'know that inmates face a substantial risk of serious harm and disregard that risk

7

by failing to take reasonable measures to abate it.'" *Mitchell*, 553 F. App'x at 604 (quoting *Farmer*, 511 U.S. at 847) (cleaned up).

Plaintiff maintains that he began submitting sick call requests for herpes treatment in April 2023 that went unanswered, and that it was not until he "threatened to sue" in his August 18, 2023, sick call that he received a doctor's appointment [Doc. 1 pp. 3, 4]. But the summary judgment evidence submitted by Defendant and undisputed by Plaintiff is that Plaintiff filed only two sick calls regarding his herpes outbreak, and neither were made in April 2023 [Doc. 24, SEALED pp. 2, 3; Doc. 20-5 ¶ 3]. Rather, Plaintiff's first request for medical attention was received by medical on August 9, 2023, and notes from Plaintiff's checkup on August 10, 2023, state that the onset of his genital herpes outbreak occurred a "few days" prior [Doc. 24, SEALED pp. 3, 4; Doc. 20-5 ¶¶ 5, 7]. Therefore, Plaintiff's allegation that he began filing unanswered sick calls in April 2023 for herpes treatment is unsubstantiated and insufficient to defeat Defendant's well-supported motion. *See, e.g.*, *Jones*, 677 F. App'x at 282 (noting "conclusory allegations . . . and unsubstantiated assertions are not evidence" (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The question becomes, then, whether Defendant violated Plaintiff's rights where he requested medical treatment on August 9, 2023, but did not see Defendant to receive medication until after he "threatened to sue" in his August 18, 2023 sick call [*See* Doc. 1 pp. 3–4]. The undisputed proof demonstrates that Plaintiff was seen by a nurse within one day of submitting first request for medical attention [Doc. 20-5 ¶¶ 4, 7; Doc. 24, SEALED pp. 3, 4]; Plaintiff was immediately scheduled for a doctor's appointment following that checkup [Doc. 20-4 ¶ 7; Doc. 20-5 ¶ 8; Doc. 24, SEALED p. 11]; on August 16, 2023, medical staff specifically requested Plaintiff be prescribed Acyclovir at his appointment [Doc. 20-5 ¶ 10; Doc. 24, SEALED p. 10];

Plaintiff's appointment for medical treatment was already scheduled when he filed his August 18, 2023 sick call request [Doc. 20-4 ¶ 8; Doc. 20-5 ¶ 11]; and Defendant saw Plaintiff on August 24, 2023, and prescribed him Acyclovir, the standard treatment for herpes, on the same day [Doc. 20-4 ¶¶ 9, 10; Doc. 20-5 ¶¶ 12–14; Doc. 24, SEALED pp. 5, 8].

The undisputed evidence presented by Defendant demonstrates that any delay Plaintiff experienced in receiving treatment was not due to Defendant's intentional neglect, but rather, a reasonable delay necessitated by having to schedule Plaintiff's appointment according to her availability. There is no genuine dispute in this case as to whether Defendant actually drew an inference that Plaintiff faced a substantial risk of harm to his health and "so recklessly ignored the risk that [s]he was deliberately indifferent to it." *Cairelli v. Vakilian*, 80 F. App'x 979, 983 (6th Cir. 2003). The proof demonstrates she did not. Accordingly, Plaintiff cannot sustain his claim for relief against Defendant, and she is entitled to summary judgment.

IV.     **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment [Doc. 20] is **GRANTED**, and this action will be **DISMISSED with prejudice**.

The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, and therefore, Plaintiff is **DENIED** leave to proceed in forma pauperis should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

Jill E. McCook
United States Magistrate Judge

9